By the Court.
This action in mandamus was instituted in this court and the issue for determination is presented by demurrer to the answer of the respondent, The Public Utilities Commission.
The relator, The Ohio Electric Railway Company, seeks a peremptory writ of mandamus commanding the Public Utilities Commission to restore to its files a schedule of rates for electric light and power in the city of Lima, filed with the commission by the relator December 1, 1919. This schedule carried an increase over the rates theretofore in force, and by its terms was to become effective January 15, 1920.
The Public Utilities Commission rejected said schedule and ordered it stricken from its files, for the reason, as stated by the commission, that on January 13, 1920, and before the effective date of the proposed new schedule, the city of Lima filed a protest and complaint against such schedule and attached thereto a copy of an ordinance passed by the council of the city of Lima, January 5, 1920, declared therein to be an emergency ordinance, which ordinance fixed other and lower rates than those carried in the proposed schedule, the rates fixed in said ordinance being identical with the rates theretofore in force, evidenced by the schedule previously filed with the relator known as P. U. C. O. No. 2, in which protest the city of Lima alleged that the proposed schedule was in conflict with the rates fixed in said ordinance, whereupon respondent determined that it was without authority to continue upon its files to become effective as a valid and legal schedule of rates on January 1.5, 1920, *315 the proposed schedule filed December 1, 1919, known as P. U. C. O. No. 3, which schedule the commission asserts never became effective and that the relator acquired no rights thereunder.
It is further disclosed that in 1909 the relator entered into a contract with the city of Lima, under which the company undertook to furnish electric current for lighting the streets of the city of Lima, and for light and power purposes to consumers in that city. This contract expired in February, 1919. The relator continued to supply current at the rate fixed in that contract, and thereafter, December 1, 1919, filed the schedule now in question. On January 19, 1920, relator filed its complaint in writing with the Public Utilities Commission, appealing from the rates prescribed by the ordinance passed January 7, 1920.
The relator attempts in this action to make the contention that no emergency in fact existed which authorized the passage of said ordinance as an emergency measure and consequently that it could not become effective until thirty days after its passage, which would be February 6, 1920.
But the order of the Public Utilities Commission complained of is clearly a final order and falls wifhin the provisions of Section 544, General Code, by virtue of which provisions a final order made by the commission may be reversed, vacated or modified by the supreme court on a petition in error, if, upon a consideration of the record, such court is of the opinion that such order is unlawful and unreasonable. This section of the public utilities act therefore provides a clear adequate legal rem *316 edy, for which a proceeding in mandamus cannot be substituted. The demurrer to the answer of the respondent is therefore overruled and the petition of the relator dismissed.

Writ refused.

Nichols, C. J., Jones, Matthias, Johnson, Wanamaker, Robinson and Merrell, JJ., concur.